The opinion of the court, (Tilgiiman,* C. J. taking no part in the judgment, having been indisposed during the argument,) was delivered by
Gibson, J.
Courts of equity have gone to an extreme in favour of sureties, often granting relief for a constructive equity, the existence of which the surety himself did not even suspect. I would be unwilling, in cases of this sort, to go beyond the rule in Cope v. Smith, 8 Serg. & Rawle, 110, that the surety shall be exonerated only where the obligee has refused to bring suit, or, (what I take to be the same thing,) to suffer the surety to do it in his name, after a positive request and explicit declaration by the surety that *30 he would otherwise hold himself discharged. The reporter has added a query, whether the surety would be discharged, if it should appear that the insolvency of the principal would have prevented the money from being obtained, if suit had been brought when required. Surely not. A surety is liable at,law, and when he comes into equity, he ought to show a substantial ground of relief,—actual injury, and not a mere possibility of injury from the negligence of the obligee,—for an equity can arise from nothing less. A constructive injury can give rise only to a constructive equity, which is insufficient to discharge an obligation arising from one of the most solemn acts known to the law. He surely ought not to be exonerated, because the obligee did not choose to indulge him in an experiment that would have produced no consequences. He ought to show that his request was reasonable, and that he was deprived of what was not merely a speculative benefit. In the court below no difficulty was made as to this, and we are to suppose that the money might have been obtained from the principal. But it appeared the surety had declared on his death-bed that his estate should not be liable for this debt, as he was only a surety, and the money might be had of the principal; that some time after his death, (how long is not stated in the record, but it is agreed to have been about five mouths,) his widow informed the obligee, that her husband had said, “ he must push William Gardner,” the principal, for that the money could be got from him then, and that if he did not, the estate of her husband, who was only a surety, would be exonerated; and that the obligee refused to do so then, but offered her the bond with permission to sue in his name, which she declined. I intimate no opinion of the court, whether such a request made immediately after the husband’s death, but before the widow had administered, would carry with it the authority which the husband had over the subject-matter in his lifetime. For myself, I say it would not. A man can exercise a control over his estate, after his death, only by the instrumentality of a testamentary direction, which this was not; and the instant, therefore, that the surety died, the right to stir in the matter devolved on his personal representatives. If a case should occur, in which it would be necessary to act before administration could be obtained, the interest of the widow in behalf of herself and her children, would be a sufficient authority; but she is entitled to administration instantly. Certainly she would have no authority, gfter administration granted to another. I am therefore of opinion the obligee might consider her as a stranger. But I have the authority of the whole court in saying, that under the circumstances of the case, the request came too late; and that at so distant a period-, the obligee might disregard the request of any one but ‘the legal representative. And, besides, the offer to permit the widow to use the bond, in any way she might think beneficial to her husband’s estate, would effectually rebut an.y equh *31 ty that might otherwise have arisen. If she be considered competent to act in the matter at all, she must be considered so for every purpose. Now, what more can be required than to invest the surety with the means in the power of the obligee. The surety does not stand on the ground of a legal advantage, but the obligee does, and he is not bound to do a single act to assist the surety, when the surety can help himself; it being his duty only to permit the surety to manage the legal responsibilities of the parties, so as to cast the burthen where it ought to be borne. The offer of the plaintiff, therefore, furnished a decisive objection to the equity set up; and, waiving other considerations, the plaintiff was on that ground entitled to recover.
Judgment affirmed.